UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| POWER THE FUTURE, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF THE INTERIOR, <br><br> Defendant. | Civil Action No. 24-2101 (TNM) |

## AMENDED JOINT STATUS REPORT

Pursuant to the Court's October 10, 2024, Minute Order, Defendant Department of the Interior ("DOI") and Plaintiff Power the Future, (collectively, "the Parties") conferred and respectfully submit the following status on this Freedom of Information Act ("FOIA") case:

1. On May 31, 2024, Plaintiff submitted a FOIA request to DOI seeking all email correspondence of Laura Daniel-Davis from January 21, 2021, through May 23, 2024, that is sent to, from or which copies any email address ending in @who.eop.gov, excluding calendar invitations. ECF No. 1 at 2.

2. As previously reported, DOI completed the search for documents potentially responsive to Plaintiff's FOIA request and identified approximately 200 potentially responsive documents, including eighty emails (consisting of 247 pages) plus attachments. Plaintiff asked DOI to prioritize the eighty emails for release and reserved the right to seek processing of the attachments. DOI agreed to Plaintiff's proposal.

3. DOI processed the eighty emails per the agreement with Plaintiff; five pages were non-responsive, and the remaining pages require consultation with outside agencies. Because the

documents are awaiting consultation by an outside agency, DOI is unable at this time to provide an anticipated return date for the documents.

4. The parties respectfully request that the issue of whether a *Vaughn* index will be required in this case and a briefing schedule for dispositive motions be reserved until after the parties meet and confer with respect to any issues Plaintiff may identify with DOI's productions.

5. Defendant respectfully proposes that the parties be ordered to file a further Joint Status Report on or before February 7, 2025, at which point the parties will report on the status of the consults and propose a schedule for further proceedings if appropriate.

6. Plaintiff's Position: Following the filing of the most recent status report on December 9, 2024, ECF No. 11, undersigned counsel for Plaintiff received information from Defendant which led Plaintiff to conclude that the Joint Status Report was inaccurate. Specifically, Defendant indicated in correspondence dated December 13, 2024, that the documents the Parties previously reported on December 9, 2024 required consultation were not in fact sent for consultation until December 12, 2024. *Compare* ECF No. 9 at 2 (stating that processing of emails would conclude on October 31, 2024) with ECF No. 11 at 1, ¶ 3 (stating that DoI complied with its previous agreed rate of processing). Plaintiff's position is that the Defendant knew it desired an outside agency's consultation since approximately October 31, 2024, as the previous status report (ECF No. 9 at 2) indicated that the agency would process all emails by that date. Also, both Parties signed off on ECF No. 11 stating the records had been sent for processing, of which Plaintiff had no way to independently confirm.[1] However, Defendant had not begun the consultation process in

---

[1] Plaintiff notes with disagreement counsel for Defendant attributing responsibility for this error to Plaintiff, below, as the reasons cited by Defendant (a lack of internal communication among Defendant and counsel and/or Plaintiff having several FOIA lawsuits against Defendant) do not lead to that inherently counterintuitive position.

2

a timely fashion, and apparently only transmitted the records for consultation approximately a month and a half after it previously represented that its processing of emails would conclude.

Plaintiff submits that the Defendant cannot profit from its own failure to timely begin the consultation process or indefinitely await the results of a consultation it belatedly began with an outside agency, nor can Defendant indefinitely pause this case on the grounds that Defendant cannot control the schedule of a non-party agency. Although an agency is certainly free to consult with another agency before responding to a FOIA request, 5 U.S.C.S. § 552(a)(6)(B)(iii)(III), this Court has held that it is a violation of FOIA for an agency to use "consultation" to impair substantive FOIA rights. *Smith v. Exec. Office for United States Attys*., 69 F. Supp. 3d 228, 232 (D.D.C. 2014) (consultation cannot serve as a defense when "its net effect is significantly to impair the requester's ability to obtain the records or significantly to increase the amount of time he must wait to obtain them."). The Defendant's previous assurances that it was following up on a regular basis regarding the status of consultations now appear to have been inaccurate, because consultations did not timely begin and there was nothing upon which the Defendant could have "followed up." Plaintiff respectfully submits that this Court should step in and impose a date certain for processing to conclude both to protect its own docket from unnecessary congestion and to protect Plaintiff's substantive rights to timely access government records.

7.  Defendant's Position: After the Court set a status conference for January 9, 2024, *see* December 10, 2024, Minute Order, Plaintiff reached out to Defendant and said, "if you can give us some additional clarity on the status of consultation, we are open to asking that the hearing be vacated if a production is imminent." The undersigned counsel immediately reached out to the Agency asked for information about when the consults were sent and when it last followed up on them. The Agency informed the undersigned that the consults would be sent the next day. At this

point, the undersigned realized there had been a miscommunication somewhere and sought clarification from the Agency. The undersigned is not always included on interim responses to plaintiffs, and accordingly had no reason to doubt Plaintiff when it represented in the December 9, 2024, joint status report that the consultation process had been ongoing for two months. The undersigned sent the joint status report to the Agency for review, who did not notice the error Plaintiff's represented due to consults being sent in other similar cases.

Realizing there had been errors in the joint status report, the undersigned sought to figure out how this occurred. The undersigned asked Agency Counsel to send her the response letter Plaintiff received, and the Agency sent it to the undersigned on December 11, 2024. That letter, sent to Plaintiff on December 6, 2024, did not say the consultations had already been sent to outside agencies. It said, "Of these 250 pages, five pages were determined to be non-responsive and the remaining 245 pages require consultation with outside agencies."

The undersigned believes the confusion and errors in the previous filings is the product of two things. The parties' October 9, 2024, joint status report said the Agency would be completing production on October 31, 2024. Due to an administrative error, Defendant's FOIA team did not send the letter on October 31, 2024, and did not realize until working on the information for the December joint status report. That is why the letter was sent to Plaintiff on December 6, 2024, and why the documents were sent for consultation shortly thereafter. Plaintiff's assertion that "the Defendant cannot profit from its own failure to timely begin the consultation process or indefinitely await the results of a consultation it belatedly began with an outside agency" is baffling. Defendant has nothing to gain in this matter and does not "profit" from this case going on any longer than it has to. It would be Defendant's preference that this case be wrapped up as expeditiously as possible, without the need for judicial intervention.

However, that is hindered by what the undersigned believes is the second catalyst for the confusion in this matter. The confusion and delay in this matter is the unfortunate, but inevitable, result of the same Agency having six different cases from the same Plaintiff in front of six different judges with six different, but similar, case numbers. The undersigned represents the Agency in *Power the Future v. Department of the Interior,* Civ. A. Nos. 24-2453 (JDB), 24-2073 (CRC), 24-2169 (TJK), 24-2045 (RBW), 24-2041 (LLA), and 24-2101 (TNM). Each of these cases involve identical parties and the same counsel; five were filed between July 14, 2024, and July 24, 2024, and one was filed on August 23, 2024. Confusion and administrative errors are the unfortunate reality when juggling six different cases with the same name and same counsel, all with ongoing discussions about scoping, narrowing, redactions, consults, and search declarations. Indeed, the undersigned has received emails from Plaintiff asking questions the Agency has previously responded to, so it does not appear the mix ups are one-sided.

Despite the errors in the previous status report, Defendant's position remains: it cannot control another government agency's workflow or compel another agency to prioritize records responsive to Plaintiff's request over other requests. The Agency has weekly meetings with the consulting Agencies where the Agency's FOIA team updates the consulting Agencies on the litigations and checks on referrals. Defendant will continue to follow up with the other agencies and will release reasonably segregable portions of records as they return from consult. *See Hall v. CIA*, 668 F. Supp. 2d 172, 182 (D.D.C. 2010) (holding, in the parallel context of FOIA referrals, that an agency should "take affirmative steps to ensure that its referrals are being processed.").

It is well understood and recognized by the FOIA statute that interagency consultations will likely have the effect of delaying a final response. Indeed, Congress expressly allowed for this situation in the original FOIA statute by recognizing it in one of three statutory circumstances for

which agencies can extend the time to respond. 5 U.S.C § 552(a)(6)(B)(iii)(III). When a bureau of Defendant "locates responsive records that primarily concern another bureau or Federal Government agency that is subject to FOIA, the bureau will determine whether that bureau or agency would be better able to determine whether the record is exempt from disclosure." 43 C.F.R. § 2.13(a); *see also ACLU of Mass., Inc. v. CIA*, Civ. A. No. 22-11532, 2023 WL 3394485, at *7 (D. Mass. May 11, 2023) ("FOIA explicitly envisions consultation with non-party agencies."). If a component makes this determination, then the bureau will send the record to the other agency for consultation, referral, or coordination. *Id.* § 2.13(b). A consultation is appropriate in circumstances, like here, "records in its possession [] primarily concern another bureau or Federal Government agency that is subject to FOIA." *Id.* § 2.12(d). The regulations do not specify a deadline by which an agency must finish a consult.

Plaintiff's request for a processing order is similar to *National Public Radio, Inc. v. Department of Treasury*, Civ. A. No. 19-0017 (JDB), 2021 WL 1850696 (D.D.C. Mar. 31, 2021), where a requester moved to compel the Treasury Department to produce records notwithstanding the agency's outstanding interagency consultation requests. Because of "the countervailing interests at stake which may require input from agencies outside Treasury," the Court declined to order the government to produce the records that remained under consult. *Id*. at *1–2. Further, the dispute about the pace of the consultation in that case came two years and two months after the plaintiff had filed suit, whereas here Plaintiff's lawsuit has been pending for just five months. *See* Compl. ECF No. 1. Thus, Plaintiff's request is even less meritorious than the motion in *National Public Radio*.

Defendant shares Plaintiff's desire to move this case along, and Defendant assures Plaintiff and the Court that it is endeavoring to ensure a timely resolution of this action. Defendant firmly

6

rejects Plaintiff's insinuation that Defendant is using consultation to "impair" its substantive FOIA rights. This litigation was filed a mere five months ago, and the consultation process has not lasted nearly as long in this litigation as it has in other cases in which courts have intervened. Defendant respectfully submits that it is premature to order a date certain for the end of the processing and asks that the Court deny Plaintiff's request.

| | |
|---|---|
| Dated: January 6, 2025 | Respectfully submitted, |
| */s/ Matthew D. Hardin* <br> MATTHEW D. HARDIN <br> D.C. Bar #1032711 <br> Hardin Law Office <br> 1725 I Street NW Suite 300 <br> Washington, DC 20006 <br> (202) 802-1948 <br> MatthewDHardin@protonmail.com <br><br> *Counsel for Plaintiff* | MATTHEW M. GRAVES, D.C. Bar #481052 <br> United States Attorney <br><br> BRIAN P. HUDAK <br> Chief, Civil Division <br><br> By:  */s/ Kaitlin K. Eckrote* <br> KAITLIN K. ECKROTE <br> D.C. Bar #1670899 <br> Assistant United States Attorney <br> 601 D Street NW <br> Washington, D.C. 20530 <br> (202) 252-2485 <br> Kaitlin.eckrote@usdoj.gov <br><br> *Counsel for the United States of America* |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| POWER THE FUTURE,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE INTERIOR,<br><br>Defendant. | Civil Action No. 24-2101 (TNM) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of the parties' Joint Status Report, it is hereby

     ORDERED the parties shall file their next Joint Status Report on February 7, 2025, and every 60 days thereafter, with a proposal for further proceedings.

SO ORDERED:

_____     _____
Dated                                                                                    United States District Judge